Mr. Justice Van Orsdel
delivered the opinion of the Court:
This is an appeal [by Daniel R. Luten] from the decision of the Commissioner of Patents, rejecting certain of applicant’s claims for an invention for re-enforcing concrete structures. The invention relates particularly to arched structures,, such as conduits and bridges. It consists of an iron rod or bar so adjusted and embedded in the structure as to pass, through the regions of greatest tension in such manner as. to most efficiently sustain the stresses to which the arched structure is subjected. The following figure represents a cross section of a concrete arch, showing the re-enforced bar adjusted as described in appellant’s specifications and claimsr

Twelve claims were originally rejected, the following two,, however, being allowed by the Board of Examiners-in-Chief on appeal:
“3. In an arched structure of concrete, the combination *381 with a curved or arched member and abutments to support the same, of a series of tension members embedded in said curved or arched member, said tension member following closer ly the exterior of the structure at the haunch, and passing near the inner face of the abutment.
“4. In an arched structure of concrete, the combination with a curved or arched member and abutments to support the same, of a series of tension members embedded in said curved or arched member, and passing dose to the interior faces of the abutments.”
The ten disallowed claims are sufficiently illustrated by the following:
“1. An arched structure of concrete having inner and outer curved faces and an embedded tension member passing through a region of tension adjacent the inner curved face, said member curving outwardly toward the load, and passing thence across to a region of tension adjacent the outer surface at the haunch, thence back to a region of tension adjacent the inner surface of the structure, said tension members being contraflexured between adjacent regions of tension.”
“7. A structural member with a longitudinal tension member embedded in hardened plastic material, and following closely a curved portion of the inner surface of the member, and passing near the inner surface at a plurality of points, and near the outer surface at an intermediate point.”
“12. An arch or bridge supported on an abutment or pier which is re-enforced with á metal tension member near the extreme face of the abutment or pier, and having portions of said tension member extending away from that face of the abutment or pier.”
The purpose of the invention is stated in appellant’s substitute specification, as follows: “My invention relates to improvements in concrete, brick, or other arches, vaults, conduits, sewers, etc., and has for its objects the provision of structures of the classes described, which shall be of equal or greater strength than the ones in general use, but which will be considerably lighter and require less material, that will have *382 sufficient resistance to support an unequally distributed load without injury, and that can easily be constructed at comparatively small cost.”
The nature of the invention is concisely stated in the opinion of the Commissioner, as follows: “The applicant’s invention relates to re-enforced concrete structures, and, as-shown in his application, is applied particularly to arched structures such as conduits, bridges, and the like. In an arched structure which is subject to pressure from above, the resulting tendency to distort the arch gives rise to a tension at the under surfaet of the arch, near the crown, and a compression at the outer surface of this same portion, while this relation of tension and compression to the inner and outer surface is-reversed at the haunches. The invention relates especially to-the manner of disposing the re-enforcing bars in such a structure so that they shall most efficiently sustain the stresses to' which it is subjected. Thus, in figure 1, the re-enforcing bar' passes close to the under surface of the upper convex portion of the arch, then crosses to the outer surface at the haunches and inward again near the base of the arch, the idea being in every case to dispose the bar in what applicant terms the tension regions, so that it will be subject to tension rather than compression stress.”
It will be observed that the two claims allowed embrace the1 abutments or that portion of the structure shown in the figure from “K” down to the base. It was held by the tribunals of the Patent Office that the other claims are anticipated in certain references shown in the record. The reference to an English patent to one Koenen is probably nearer an anticipation of appellant’s invention than any shown. The only difference between the device of appellant and that of Koenen is that appellant uses a continuous bar, adjusted so as to be embedded near the under surface of the structure in the curve around the apex of the arch, and near the outside surface of the sides of the structure, at points at right angles to the apex, Koenen uses three bars of iron, one around the curve of the apex, embedded near the under surface of the structure, and *383 the others on either side, near the outside surface of the structure. The bars are so adjusted that the upper ends of the two-side bars extend past the ends of the apex bar. It is apparent, and was so held by the experts of the Patent Office, that-the same re-enforcement of the structure at the points of greatest tension would be accomplished by the one device as the other. Koenen shows the rods adjusted at the point of greatest tension, while other references show continuous rods not so adjusted. What appellant did was to adjust a connected rod to re-enforce the points of greatest tension in an arched structure. These points have been known to those skilled in the art of engineering for ages. The idea of re-enforcement of such structures by iron rods or bars is old. All, therefore, that appellant did, was to put together by the exercise of the-simplest mechanical skill things old in the art, to perform functions long known, in a manner anticipated in prior patents.
The case of Re Luten, 32 App. D. C. 599, cited by appellant, has no bearing on this case, since, in that case, the sole question involved was that of patentability. We there expressed doubt of the patentability’ of the invention, but, inasmuch as we could not disturb the claims allowed by the Patent Office, we granted the remaining claims, for the reason that, if the claims allowed described a patentable invention, the remaining ones should, for the same reason, be allowed. Here, we are estopped by anticipation from enlarging the error of the Patent Office.
The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. , Affirmed.